IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MICHAEL DEAN, § § § **Plaintiff,** § § v. § § DEUTSCHE BANK NATIONAL TRUST § COMPANY, SELECT PORTFOLIO § SERVICING, INC., CT CORPORATION § SYSTEM, BRUCE E. REINHART, ROBIN § L. ROSENBERG, BRADLEY HARPER, ANGELA E. NOBLE, MCCALLA RAYMER LEIBERT PIERCE, LLP, MORGAN B. LEA, ALAW, LAUREN HEGGESTAD, RAMY FARES, ASSISTANT ATTORNEY GENERAL OF FLORIDA; **Defendants.** | CIVIL ACTION NO. 6:25-CV-00202-JDL |

## ORDER OF TRANSFER

Plaintiff Michael Dean, proceeding pro se, brought the instant civil action on June 4, 2025. (Doc. No. 1). Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 regarding judicial proceedings related to enforcement of a mortgage. *Id.* Plaintiff sues Defendant Deutsche Bank National Trust Company, an apparent entity with interest in the mortgage, Defendant Select Portfolio Servicing, Inc., the alleged mortgage servicer, CT Corporation System, an alleged agent of the bank and servicer, Magistrate Judge Bruce E. Reinhart of the Southern District of Florida, District Judge Robin L. Rosenberg of the Southern District of Florida, Judge Bradley Harper of the 15th Judicial Court of Florida, the Florida law firm of McCalla Raymer Leibert Pierce LLP, attorney Morgan

B. Lea, the Florida law firm of Albertelli Law, lawyer Lauren Heggestad, and Ramy Fares, the Assistant Attorney General for the State of Florida. *Id.* at 2–4.

28 U.S.C. § 1404 provides that a district court "[f]or the convenience of parties and witnesses, in the interest of justice,...may transfer any civil action to any other district or division where it might have been brought..." 28 U.S.C. § 1404(a). Venue is proper in the judicial district where the defendant resides or in which the claim arose. *See* 28 U.S.C. § 1391(b). When facts and circumstances support transfer of a case, the court is empowered to make the transfer *sua sponte*. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) ("Under the transfer statute, a district court may transfer a case upon motion or sua sponte.").

Here, Plaintiff is suing Defendants who all reside in Florida for claims related to judicial proceedings that appear to have occurred in the Southern District of Florida. (Doc. No. 1.) Plaintiff himself resides in the Southern District of Florida in Palm Beach County, Florida. Further, it appears that all the disputes complained of arose in the Southern District of Florida. While this court has concerns about the viability of the asserted claims, the proper place for those claims to be adjudicated is in the Southern District of Florida where all parties are alleged to reside and where the facts underlying the claims occurred. 28 U.S.C. § 89(c). Accordingly, in the interests of justice, this case should be transferred to the Southern District of Florida.

For the reasons stated herein, the Clerk is directed to transfer this case to the Southern District of Florida immediately forthwith.

**So ORDERED and SIGNED this 5th day of June, 2025.**

*[signature]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE